CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2012

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH L. SMITH,<br>    Plaintiff, | ) | Civil Action No. 7:12cv00217 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SAM LACY and D.L. ABSHIRE,<br>    Defendants. | ) | By: Samuel G. Wilson<br>United States District Judge |

This is an action *in forma pauperis* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (2006), by *pro se* plaintiff Keith L. Smith against two Virginia Department of Transportation supervisors, Sam Lacy and D.L. Abshire. Smith alleges that Lacy and Abshire had "noose[s] on the wall" in their work areas at VDOT while Smith was working at the VDOT sign department. He claims this display caused him to fear for his life and leave the workplace. Now, Smith claims, his temporary-employment agency will no longer send him on assignments.

It is well established that supervisors are not liable in their individual capacities under Title VII. Lissau v. S. Food Svc., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to . . . conclude that supervisors are not liable in their individual capacities for Title VII violations."). Rather, Congress intended that *employers* should be liable for Title VII violations. Id. at 181. Smith therefore fails to state a claim on which the court may grant relief. Accordingly, the court will grant Smith's application to proceed *in forma pauperis* and dismiss, without prejudice and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Smith's Title VII action against his workplace supervisors.

**ENTER:** May 17, 2012.

_____
UNITED STATES DISTRICT JUDGE